The next case for argument is 1639 07 district of Minnesota United States vs. Derrick Angelo Harper Mr.. Myers, thank you your honor Your honors, Harper's sentence was improperly enhanced as under the career offender provision of the guidelines because the district court concluded that unarmed bank robbery under 18 U.S.C. 2113 A qualifies as a crime of violence. That's wrong for two reasons. One, bank robbery is broader than the force clause of the career offender provision of the guidelines. And two, robbery in the enumerated offense clause of the guidelines does not include bank robbery. Before I jump into those two points, I just want to reiterate that in light of Beckles, our position is that the guidelines after August 1, 2016 should be applied. The defendant here was sentenced in September of 2016 after the residual clause was removed. And therefore our position is the residual clause is not relevant to this case. So the new guideline specifically includes robbery? Correct, in the enumerated offense clause, yes. And you want us to apply that? Yeah, our argument is that robbery in the enumerated offense clause does not include bank robbery. The federal robbery offense is not a robbery under the guidelines? The federal bank robbery offense is not a robbery under the guidelines? Correct. That's your position? Correct. Okay. So turning to the first point, that bank robbery is broader than the force clause. Now, the Eighth Circuit has held in several cases, including cases like Yokel, and this is kind of across many circuits, that bank robbery requires taking the property of a bank in the presence of another by force, violence, or intimidation. And the Eighth Circuit has said that intimidation does not require an intent to intimidate on the part of the robber. It just requires that they engage in conduct that an ordinary person in the position of a teller would reasonably infer that they reasonably get a fear of bodily harm, of harm to their body from that. But in the Supreme Court case Alonis, which analyzed what a threat is for purposes of the threat statute, Alonis said that a threat requires making a communication with the purpose of communicating a threat, or making a communication knowing that it will be perceived as a threat. So how the Eighth Circuit has defined intimidation, where it doesn't matter whether the defendant intended to threaten or knew that his conduct would be threatening. That's inconsistent with how the Supreme Court has analyzed the word threat. And I think that that same analysis should apply to the force clause in the career offender provision of the guidelines. The force clause is the offense has as an element the use, attempted use, or threatened use of physical force against the person of another. And I see no basis to distinguish the meaning of threat there from the meaning of the threat in the statute analyzed in Alonis. So you can be convicted of federal unarmed bank robbery when you're negligent with respect to whether your conduct would be threatening. Consider the following example. Let's say a large physically imposing person comes into a bank and says, give me everything in your cash register. I think that would be a convictable offense under federal bank robbery. I mean, the teller, an ordinary position in the position of a teller, would understand from that sentence that what's going down is a bank robbery. Because no one goes to a bank and says, give me everything in your cash register. They say, I want to deposit this check, or I want money from my account. They don't say, give me everything in your cash register. So the teller would understand that's a threat. And I think that if the defendant has certain physical characteristics, that that could very well intimidate a person in the position of a teller. But note that the defendant, in this example, has not used force, has not attempted to use force, has not threatened to use force. I mean, Yokel led to a conviction even where there was nothing about the defendant's appearance that suggested that he was armed. So... Have there been any cases in the other circuits that have concluded the proposition that you are putting before us this morning? No. What would you do with our precedents, starting with the right case, and several that cite it and follow it? Sure. All those cases precede aloneness. All right. So your view is it all hangs on aloneness, superseding the circuit precedent. Correct. Okay. Correct. It sounds... I'll move on to my next argument then. Well, yeah, why isn't robbery a robbery under the guidelines? I mean, if... Well, a robbery is a robbery, but... If a federal robbery statute is not a generic robbery, then how are you going to figure out what is a generic robbery? Well, federal bank robbery is not generic robbery. The Eighth Circuit told us what robbery is. I think the case is... Are the other federal robbery statutes defined... Do they define robbery differently? Well, so generic robbery is defined under Eighth Circuit precedent as aggravated larceny, that is the misappropriation of property of another in circumstances involving immediate danger to that person. So... What case are you citing for that? It's either United States v. House or United States v. Holder. I can provide it on rebuttal. That's not one of the cases I took up with me. It's a relatively recent case. So you have to have circumstances involving immediate danger, and I don't think that bank robbery categorically involves circumstances involving immediate danger. Consider the example, give me everything in your cash register. Where did that definition come from, this generic definition that you're advocating? They took it from the Ninth Circuit, defining generic robbery, which I think took it from the Fifth Circuit. Do you know where it came from originally? Did somebody do a survey, like in the Taylor case? Right, right. I think the origins stem from Lefebvre. I think it comes from Lefebvre. It's either Lefebvre or the Model Penal Code, which, of course, is the kind of sources that the Supreme Court was looking at when they were defining what generic burglary was, you know, in their first cases articulating the categorical approach. Well, I think they also did a survey of the states and the U.S. Code. I mean, they looked at those sources, but I think that more important in Shepard and Taylor was how Lefebvre and the Model Penal Code were looking at it, because they recognized that you can't look at the vagaries of state law to define what a generic offense is. So, I mean, I think that they talked about what state law was, but I don't actually think that that was the driver of their analysis when they articulated what generic burglary was. The second reason why robbery in the Enumerated Offense Clause doesn't include bank robbery, bank robbery also says that you could obtain the property of the bank through extortion. I mean, that's clearly broader than robbery. That has nothing to do with the misappropriation of property in circumstances of another in circumstances involving immediate danger. I mean, that's just orthogonal to it. So, for those... Oh, and actually, a third reason, also in the Enumerated Offense Clause, the Sentencing Commission clearly showed that it knew how to refer to federal statutes by citing the federal statute when it wanted to. So, if you look at the Enumerated Offense Clause, it cites 5845A, defining certain firearms. It cites the federal statute for explosive devices. Conspicuously absent is 18 U.S.C. 213A. If it wanted robbery to include bank robbery, it could have just written the words there. It didn't. So, I think those are the three reasons why robbery in the Enumerated Offense Clause does not include bank robbery. Unless there are other questions, I'll reserve my remaining time for rebuttal. Thank you, Mr. Myers. Mr. Ulan? Good morning. Good morning, Mr. Myers. May it please the Court, I'm Assistant United States Attorney Kevin Uland, and I represented the government in this case before the District Court. On August 11, 2016, the appellant pled guilty to a single-count indictment charging him with robbing the Park State Bank in Duluth, Minnesota. This was the appellant's third federal conviction for bank robbery. He was convicted in 2000, 2005, and then in the instant charge when he pled guilty on August 11, 2016. On September 27, 2016, the District Court sentenced the defendant to 188 months. The District Court found that he was a career offender based on the fact that bank robbery is a crime of violence. Under this Court's precedent, bank robbery qualifies as a crime of violence because it is enumerated under the Guidelines. And this Court has also found, as Judge Colleton correctly notes, and as the District Court found below, that bank robbery qualifies as a crime of violence under the Force Clause. The appellant now concedes that the Guidelines that this Court should apply are the ones that were in effect at the time that he was sentenced. And they are robberies enumerated specifically in the text of the Guideline. Prior to the amendment, robbery was included in the commentary to the Guideline, as this Court is well aware, but the case law in the Eighth Circuit found that even though robbery's inclusion in the commentary was still binding and that robbery was an enumerated offense under the Guidelines pre-amendment. And so this Court's prior cases, including United States v. Patterson, which found that bank robbery and Hobbs Act robbery qualified as enumerated offenses under the Career Offender Guideline, United States v. Jones, and United States v. Johnson, which similarly held that robbery was an enumerated offense under the Guidelines, are instructive now. You mean under the commentary, under the former commentary? That's correct, Your Honor. Did they talk about this concept of generic robbery? Those cases didn't delve into the question of generic robbery, but I think when you do look at the definition of generic robbery, and it is United States v. House, the Eighth Circuit case, that talks about what generic robbery is. It is aggravated larceny, and robbery then is further defined by the United States Supreme Court in Carter v. United States as the taking of property from the person or presence of another by means of force or putting in fear. And that's what 18 U.S.C. 2113 requires, which is the taking of property from another person or from the immediate presence of another person by force or intimidation. And so really the question, and what Appellant argues, is that intimidation doesn't qualify as the threat of force. And the Appellant really focuses on the idea that the actor, that the bank robber, doesn't intend to intimidate. While other circuits have looked at the similar objective standard of intimidation that the Eighth Circuit applies, which is intimidation is measured by the ordinary person in the bank teller's position and whether or not, based on the actions of the defendant, they could reasonably infer a threat of bodily harm from their words or actions. So put another way, intimidation requires the defendant to take actions that would cause an ordinary person to reasonably infer a threat of bodily harm. This is the threat of force. As Judge Collison noted in United States v. Wright back in 1992, the court stated intimidation means the threat of force. So plainly, bank robbery meets the generic definition of robbery. Well, I guess your counterpart seems to argue that because of aloneness, the law has changed. Do you have any comment on that? Well, Your Honor, the only thing that I would note is that none of the other circuits that have taken on this question have agreed with Mr. Meyer's reasoning that he articulated in his argument. They've all looked at that objective standard of intimidation, measured from the ordinary standpoint of the teller, and found that that satisfies the threat of force required by generic robbery. Bank robbery is also a crime of violence under the force clause, as this court has held since United States v. Wright. And this court has recently reaffirmed the principle that federal robbery and bank robbery meets the similarly worded force clause in Section 924C cases, which has a force clause that also requires that the crime have as an element the use or threatened use of physical force against the person of another. And there are numerous cases throughout the United States, other circuit court cases, that have similarly found that bank robbery satisfies the similarly worded force clause in 924C. If there are no other questions from the court, the government will submit the record on its written submissions. I see none. Thank you, Mr. Yeeler. Mr. Myers. Thank you, Your Honor. A few quick points. The definition of generic robbery in the United States House, which is 825 F. 3rd 381, is a little bit broader than what opposing counsel said. It is true that it says, generic robbery, which is defined as aggravated larceny or the misappropriation of property under circumstances involving immediate danger to a person. And it cites to a Ninth Circuit case, which I believe cites to a Fifth Circuit case, and it cites to Lafave. And I think that's crucial here for a couple reasons. Under the hypothetical that I posed, where you have a defendant of a certain stature who says, give me everything in your cash register, I haven't threatened any violence, but a person in the position of a teller could reasonably experience fear based on that statement because it's clearly an attempt to rob the bank, and that's scary. But that does not involve the use,  or threatened use of physical force. Opposing counsel also said that because the commentary in the prior version of the guidelines, that the presence of robbery in the commentary of the prior version of the guidelines shows us that bank robbery is generic robbery or qualifies under the enumerated defense clause. That's not the case. The commentary under the prior version of the guidelines is interpreting the residual clause. Under the new version of the guidelines, there is no residual clause. So the question is whether federal unarmed bank robbery is broader than generic robbery. I see that my time's up. May I briefly conclude? You can finish your sentence. It's not because it has extortion and because the teller can experience intimidation without the bank robber threatening force. Thank you. Thank you, Mr. Myers. The court thanks both counsel for your presence in the argument you've provided to the court and the briefing as well, and we'll take your case under advisement. Thank you.  Thank you. Thank you.